UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANA L. CHUTKO,

Plaintiff,

v.                                                        Civil Action No. _____

NATIONAL MANAGEMENT RECOVERY CORP.,

Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Diana L. Chutko is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant National Management Recovery Corp., (hereinafter "NMRC") is a foreign business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card debt to The Bon-Ton. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by The Bon-Ton to collect on the subject debt.

13. That in or about September, 2009, Plaintiff received a telephone call at her house. Plaintiff was not home, and her daughter answered. The caller identification on Plaintiff's telephone said the number was "private". The caller told Plaintiff's daughter that she was a "friend" of Plaintiff's and said she had a "package from the county" she wanted to deliver to Plaintiff. Plaintiff's daughter gave the caller Plaintiff's work location.

14. That in or about September, 2009, on the same day as the telephone call reiterated in paragraph 13, a process server attempted to serve Plaintiff with legal papers at her workplace. At that moment, Plaintiff was in a restricted area at her workplace and could not have visitors. The receptionist refused to let the process server enter and asked for a number where Plaintiff could contact Defendant.

15. Plaintiff thereafter called the Defendant's contact number and spoke with "Derek Saunders," from National Management Recovery Corp. Defendant became very aggressive and started to yell at Plaintiff. Defendant stated Plaintiff was avoiding service of process, and that Defendant would sue her and garnish her wages. Plaintiff told Defendant that she was embarrassed and Defendant replied, "You don't know how embarrassing this can get." Defendant continued to say he could garnish 25% of Plaintiff wages. When Plaintiff began to question Defendant's statements, Defendant replied "Would you question a judge?"

16. During the same conversation reiterated in paragraph 15, Defendant also told Plaintiff that he could put a lien on her house.

17. As a result of the Defendant's threats, and during the same conversation as is reiterated in paragraph 15, Plaintiff reluctantly gave out her bank account information to set up an automatic payment. Plaintiff told Defendant no money could be taken out of her account until September 30, 2009. Plaintiff entered into a payment plan where for three months, $503.00 would be withdrawn with one additional payment of $490.00 in the fourth month. Defendant then told Plaintiff if she prevented her bank from issuing the payment or if there was insufficient funds in the account, Defendant would issue an arrest warrant for "perjury." Defendant then stated Plaintiff was lucky this was taken care of because of the severity of the crimes she committed and that if it was up to him, he would not have allowed her to make monthly payment arrangements.

18. That in or about September, 2009, prior to Plaintiff scheduled payment with Defendant, Plaintiff contacted her bank and told the bank she was revoking her consent to withdraw from her bank account because Plaintiff felt as though she were forced into the arrangement by Defendant.

19. That on or about September 30, 2009, despite revoking consent with her bank, Defendant managed to obtain payment. Defendant used Western Union to obtain access to Plaintiff's bank account. Plaintiff's bank did not deny the payment because they were looking for a request from National Management Recovery Corp., and not Western Union.

20. That on or about October 5, 2009, Plaintiff was informed that Defendant received payment through Western Union, and contacted Defendant to revoke her consent. Plaintiff spoke with "Derek Saunders." Plaintiff informed Defendant she had revoked her consent to withdraw funds from her bank account, and Defendant started to laugh at her. Plaintiff then informed Defendant that she had contacted a lawyer and terminated the conversation.

21. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.


## V. CAUSE OF ACTION

22. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by stating to Plaintiff "would you question a judge," "you don't know how embarrassing this can be," by stating Plaintiff was lucky this was taken care of because of the severity of the crimes she committed and that if it was up to him, he would not

allowed her to make payment arrangements, and by laughing at Plaintiff. The natural consequence of such language was to abuse, harass, and oppress Plaintiff.

B.  Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), and 15 U.S.C. §1692e(5), by stating to Defendant the Plaintiff would be sued, have her wages garnished, put a lien on her house, or have her arrested for failure to pay the subject debt. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions against Plaintiff or her property unless she submitted to Defendant's demands.

C.  Defendant violated 15 U.S.C. §1692f by calling Plaintiff house, speaking with Plaintiff's daughter pretending to be a friend of Plaintiff for the purposes of obtaining Plaintiff's work location, and by using Western Union to withdraw from Plaintiff's bank account. Such action was an unfair and unconscionable means to attempt to collect the alleged debt.

24. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: December 16, 2009

/s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
           kirving@kennethhiller.com